Filed 10/9/24  P. v. Armster CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081616 |
| v. | (Super.Ct.No. RIF108728) |
| TONY EUGENE ARMSTER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Seth Friedman, and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Tony Eugene Armster guilty of conspiracy to commit murder in count 1 (Pen. Code, § 182, subd. (a)(1)),[1] five counts of willful, deliberate, and premeditated attempted murder in counts 2 through 6 (§§ 664, 187, subd. (a)), assault with a firearm in count 7 (§ 245, subd. (a)(2)), and discharging a firearm at an inhabited dwelling in count 8 (§ 246). The jury also found true various firearm enhancements within the meaning of sections 12022.53, subdivisions (c) and (d), 12022.5, subdivision (a), 667, and 1192.7, subdivision (c)(8) as to counts 1 through 8. The court sentenced defendant to 235 years to life, plus five years in state prison.[2] On appeal in *Armster*, *supra*, E038151, this court modified the judgment to stay the sentence and enhancements as to count 1, which reduced defendant's sentence to 190 years to life plus five years determinate.

Defendant filed a petition for resentencing pursuant to section 1172.6 on January 31, 2023. The court appointed counsel for him and set a prima facie hearing. The prosecutor did not file a written response. At the prima facie hearing held June 23, the prosecutor stated he had sent copies of the jury instructions and appellate opinion (*Armster*, *supra*, E038151) to defendant's counsel and argued there were no instructions given on natural and probable consequences or felony murder as to the attempted murder

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    This court granted the Attorney General's request to take judicial notice of our opinion (*People v. Armster* (Dec. 7, 2007, E038151) [nonpub. opn.] (*Armster*)), the appeal from defendant's conviction in this case. We do so merely to provide the procedural history and factual background of the case, but not to determine the issue in this appeal. (*People v. Vance* (2023) 94 Cal.App.5th 706, 712-713.)

2

counts but that instruction was given as to the conspiracy count. Defense counsel agreed with the prosecutor's summation of the jury instructions and submitted the matter. The court denied the petition for resentencing summarily, without giving a meaningful statement of reasons for denial. It is not clear from the record on appeal whether the court read the jury instructions or denied the petition for resentencing solely on the basis of the argument regarding the jury instructions.

Defendant asserts on appeal that the court's denial of his resentencing petition violated his rights because the prosecutor did not submit a written response and the court did not provide a meaningful statement of reasons for denial. The Attorney General concedes error. The parties request that this court reverse and return the case to the superior court for a procedurally proper prima facie hearing. We agree.

**FACTS**

After Justin Salazar (Salazar) told his friend Roque Viernes, Jr., (Viernes) that Viernes's girlfriend Reina Reyes (Reyes) had been cheating on him, Viernes told Reyes what Salazar said and told her to move out of his house. When Salazar came to Viernes's house to help move Reyes's belongings, Reyes argued with Salazar, threatened to kill him and have her brother shoot at Salazar's house. After Salazar left, Reyes told Viernes she was going to stab Salazar. Viernes told Salazar about the new threat, and Salazar called law enforcement to report the threats.

Reyes called her brother, codefendant Manuel Varela (Varela), who arrived in a car to pick up Reyes. Codefendant Donzelle Benton (Benton) and defendant were also in the

3

car. The group drove past Salazar's house several times. Defendant instructed Benton, who was driving, to stop at his friend's house so that he could get something. Defendant returned to the car and stated, "'mine has three'" and "'it's a throw-away.'" The group then drove to Salazar's house where Varela and defendant fired approximately five shots at the house. A visitor in Salazar's house was wounded by one of the gunshots.

## DISCUSSION

Section 1172.6, subdivision (a) provides that a person convicted of attempted murder under the natural and probable consequences doctrine may petition the court to have that conviction vacated. Within 60 days after service of a facially sufficient petition for resentencing, "the prosecutor shall file and serve a response." (§ 1172.6, subd. (c).) Counsel for the defendant may then file a reply within 30 days of the filing of the response. The court then sets a prima facie hearing at which it determines whether to issue an order to show cause. If the court decides not to issue an order to show cause, "it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*)

Defendant contends his due process rights were violated. (U.S. Const., 5th & 14th Amends.; Cal. Const., art. I, §§ 7, subd. (a), 15.) The Attorney General concedes that the procedure followed by the superior court in this case was defective. The prosecutor did not file a response as required. In addition, the court did not provide a statement fully setting forth its reasons for denial.

Contrary to defendant's assertion, this is not constitutional error. If a trial court fails to comply with statutory procedures at the prima facie stage of section 1172.6

4

proceedings, we review for harmless error under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836. (See *People v. Lewis* (2021) 11 Cal.5th 952, 973 (*Lewis*); *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892.)

Nonetheless, this court is unable to conduct an effective harmless error review. No jury instructions appear in the record on appeal. Nor do we have a written response to the petition from the prosecutor which would assist our inquiry. Moreover, there is no written statement of reasons by the trial court to review. We therefore must reverse and remand to the trial court to follow the procedure set by section 1172.6, subdivision (c). The court must direct the prosecutor to file a response. (*People v. Harden* (2022) 81 Cal.App.5th 45, 51.)

At a prima facie hearing with a written response and possible written reply, the court would more thoroughly consider the record in this case. For instance, it could explore if the natural and probable consequences instruction as to the conspiracy count would merit issuance of an order to show cause. (*People v. Offley* (2020) 48 Cal.App.5th 588, 599.) The court could also assess how the jury's true findings as to enhancements impact its determination. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) If the court then decides not to issue an order to show cause, it shall provide a statement fully stating the reasons for its decision.

## DISPOSITION

The trial court's denial of the petition for resentencing is reversed.  The trial court

is directed to conduct a new prima facie hearing in accordance with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

MILLER

J.

RAPHAEL

J.

6